UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Benjamin Hendricks,

    Plaintiff,

v.

Case No. 2:11–cv–40

Ohio Department of
Rehabilitation and Correction,
et al.,

Judge Michael H. Watson
Magistrate Judge Kemp

    Defendants.

## OPINION AND ORDER

On August 18, 2011, the Magistrate Judge issued an order granting in part and denying in part a motion to amend filed by Plaintiff Benjamin Hendricks. The order also resolved several other motions filed by the parties. Mr. Hendricks has filed a timely motion for reconsideration of the Magistrate Judge's order. For the following reasons, the motion for reconsideration, ECF No. 42, will be granted in part and denied in part.

### I. Standard of Review

The Court reviews an order issued by a Magistrate Judge with respect to a non-dispositive matter under the following standard:

> This court cannot reverse a magistrate's opinion on a non-dispositive matter unless the magistrate's decision was clearly erroneous or contrary to law. *Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952 (6th Cir. 1985), cert. denied, 479 U.S. 830 (1986); *Parry v. Highlight Indus., Inc.*, 125 F.R.D. 449, 450 (W.D. Mich. 1989) (Enslen, J.). The "clearly erroneous" standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary "contrary to law" standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), aff'd, 19 F.3d 1432 (6th Cir. 1994). Therefore, this Court must exercise independent judgment with respect to the magistrate judge's conclusions of law. *Id.* Where the relevant legal standard under the Federal Rules of Civil Procedure requires the

decision-maker to "do justice" or balance the interests at stake, the magistrate judge's decision will be reversed only on a showing of an abuse of discretion. See Fed. R. Civ. P. 37; *Barreto v. Citibank, N.A.*, 907 F.2d 15 (1st Cir. 1990); *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118 (5th Cir. 1970), *cert. denied*, 400 U.S. 878 (1970). See also, *Ellison v. American Nat. Red Cross*, 151 F.R.D. 8, 9 (D.N.H. 1993).

*Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995).

## II. The Magistrate Judge's Order

The procedural background of this case, as it relates to Mr. Hendricks' motion for reconsideration, was explained by the Magistrate Judge as follows:

> Mr. Hendricks filed his original complaint asserting claims of deliberate indifference by various ODRC officials and staff at the Belmont Correctional Institution to his serious medical needs under 42 U.S.C. §1983. The original complaint, construed broadly, alleged failure to follow specialists' orders relating to his gastrointestinal conditions and corresponding dietary restrictions. He also asserted state law claims of malpractice, negligence, and the intentional infliction of emotional distress. He requested declaratory relief finding that the defendants' actions are illegal and violate his constitutional rights. Additionally, Mr. Hendricks requested preliminary and permanent injunctive relief relating to the implementation of policies and procedures addressed to the nutritional needs of inmates with inflammatory bowel disease. He named eight defendants including the Ohio Department of Rehabilitation and Correction, the Belmont Correctional Institution, Dr. John DesMarais, Mona Parks, Theresa Bell, Michelle Miller, Susan Nesbitt, and Kelly Riehle. He also included 25 Jane or John Doe defendants.
> 
> On March 23, 2011, defendants Belmont Correctional Institution and the Ohio Department of Rehabilitation and Corrections filed a motion to dismiss asserting Eleventh Amendment immunity. On March 24, 2011, defendants Michelle Miller and Kelly Riehle filed motion for summary judgment asserting that, with respect to his §1983 claim, Mr. Hendricks had failed to exhaust his remedies and further asserting that his state law and declaratory judgment claims were without merit. On April 18, 2011, Mr. Hendricks filed a response to these motions in which he stated that he was dismissing his claims against ODRC, the Belmont Correctional Institution, and Kelly Riehle without prejudice. In anticipation of Mr. Hendrick's filing, the defendants filed a signed notice of stipulation of dismissal indicating their agreement with Mr. Hendricks' voluntary dismissal of these defendants. As a result, the ODRC, Belmont Correctional Institution, and Kelly Riehle have

been dismissed as defendants in this case.

On June 6, 2011, Mr. Hendricks filed a motion for leave to file an amended complaint. In his proposed amended complaint, he names as defendants John DesMarais, Mona Parks, Theresa Bell, Michelle Miller, and Susan Nesbitt. He proposes to add as defendants Tobbi Valentine, Martin Akasubo, Nneka Ezeneke, Robert Loeloff, Mary Lawrence and 50 John or Jane Does. Through this proposed amended complaint, he seeks to include further allegations relating to his gastrointestinal issues demonstrating deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Several of the proposed allegations relate to events occurring outside of the Belmont Correctional Institution and several of the proposed defendants are not employed at the Belmont Correctional Institution. Further, Mr. Hendricks seeks to add a claim against Dr. DesMarais relating to a change in his seizure medication for an epilepsy condition. He also seeks to assert two First Amendment claims—a claim of retaliation against Ms. Miller arising from the alleged destruction of his legal materials relating to his medical conditions and a denial of access to the courts claim against Ms. Lawrence.

Mr. Hendricks also proposes to include state law claims of negligence, malpractice, and assault in addition to the intentional infliction of emotional distress which he now seeks to assert against Mr. Akasubo. The proposed amended complaint seeks declaratory relief as well as money damages. Further, the proposed amended complaint no longer asserts an Eighth Amendment claim against Ms. Miller, making her motion for summary judgment moot.

Applying the standard set forth in Federal Rule of Civil Procedure 15, the Magistrate Judge denied the motion for leave to amend with respect to Mr. Croft and Ms. Bell on grounds of futility, having found that they appeared to have been named as defendants solely as a result of their supervisory positions. The Magistrate Judge also denied, on grounds of immunity arising under Ohio Revised Code § 2743.02(F) and § 9.86, any amendment to include state law claims. Additionally, the Magistrate Judge denied Mr. Hendricks' proposed access to the courts claim and civil conspiracy claims on grounds of futility. Further, the Magistrate Judge denied, on a finding of prejudice to Defendants, any amendment to include claims against Mr. Valentine, Mr. Loeloff, Mr. Akasubo, and Ms. Ezeneke. Also on grounds of prejudice, the Magistrate Judge

denied the proposed amendment to the extent it sought to add a claim against Dr. DesMarais and a John Doe defendant relating to a medical condition separate from that alleged in the original complaint. On the other hand, the Magistrate Judge granted the motion for leave to amend to the extent Mr. Hendricks sought to assert a First Amendment claim of retaliation against Ms. Miller and an Eighth Amendment claim against Ms. Nesbitt, Dr. DesMarais, and Ms. Parks relating to the alleged disregard of his nutritional therapy.

### III. The Motion for Reconsideration

Mr. Hendricks raises two issues in his motion for reconsideration. The first issue is whether the Magistrate Judge erred in denying the motion for leave to amend to the extent Mr. Hendricks sought to assert claims against Gary Croft, the Chief Inspector of the Ohio Department of Rehabilitation and Correction, and Theresa Bell, the Dietary Operations Manager of the Ohio Department of Rehabilitation and Correction. The second issue is presented as a "constitutional challenge" to Ohio Revised Code § 2743.02(F) and § 9.86 to the extent that they limit this Court's "pendant/supplemental jurisdiction."

With respect to Ms. Bell, Mr. Hendricks argues that she authorized the denial of his nutritional needs and restrictions and upheld the ongoing refusal to accommodate his needs although she is aware of the recommendations from his specialists. He cites to paragraph 35 of his amended complaint which he asserts states "that she was consulted by other ODRC employees about plaintiff's needs and refused to accommodate these needs." He has attached as an exhibit to his motion for reconsideration a copy of Diet Formulary Protocol D-5 issued by the ODRC and he

cites to §§ IV(C)(2) and (C)(4) which state:

> 2. Non-formulary diet orders from non-DRC facilities are considered to be recommendations and shall be reviewed by the DRC Dietary Operations Manager and the DRC Medical Director prior to implementation.
>
> 4. The Dietary Operations Manager is responsible for reviewing the written request and working with the nutrition service person and the ALP to provide diet alternatives that can be produced in DRC and meet the medical needs of the patient.

Turning to Mr Croft, Mr. Hendricks claims that Mr. Croft "had actual knowledge" of the issues involving Defendant Michelle Miller and had the authority "to correct [her] unconstitutional conduct." Mr. Hendricks also requests that, regardless of the Court's ruling on these issues, any "dismissal" of parties or claims be without prejudice.

In his challenge to the Ohio statutes, Mr. Hendricks cites to several cases which he contends have found unconstitutional a state statute granting exclusive jurisdiction over tort claims to a state court. He also asserts, relying on *Jones v. Bock*, 549 U.S. 199 (2007), that his only obligation prior to asserting state law claims was to administratively exhaust his grievances.

In response, Defendants contend that Mr. Hendricks' objections should be overruled for several reasons. First, with respect to Mr. Croft, Defendants essentially reiterate that, because Mr. Hendricks has not demonstrated that Mr. Croft was actually participating in or encouraging unconstitutional conduct, he cannot be held liable for any claims brought under 42 U.S.C. §1983. Defendants do not address Mr. Hendricks' arguments with respect to Ms. Bell, apparently based on their belief that, as a result of a typographical error, the Magistrate Judge intended to "dismiss" Ms. Parks as a

defendant and not Ms. Bell. Instead, Defendants argue that Ms. Parks, in her supervisory capacity, cannot be held liable under 42 U.S.C. § 1983 for any alleged failure to act.

With respect to Mr. Hendricks' challenge to the Ohio statutes, Defendants, relying on *Raygor v. Regents of the Univ of Minn.*, 534 U.S. 533, 542 (2002), argue that the Supreme Court of the United States has held that the grant of supplemental jurisdiction set forth in 28 U.S.C. § 1367(a) does not extend to claims against non-consenting state defendants. Further, they contend that the cases cited by Mr. Hendricks address statutes not relevant here. In making their argument on this issue, Defendants also state, without discussion, that the Magistrate Judge "dismissed" Mr. Hendricks' state law claims on Eleventh Amendment grounds. Finally, Defendants contend that Mr. Hendricks' belief that he was only obligated to exhaust administrative remedies is "misguided."

In reply, Mr. Hendricks addresses briefly Defendants' argument with respect to Ms. Parks. The bulk of Mr. Hendricks' reply, however, is devoted to arguing that the Eleventh Amendment cannot bar his claims against Defendants in their individual capacities.

### IV. Analysis

Initially, the Court points out that, while in their briefing the parties have argued in terms of the Magistrate Judge's dismissal of certain claims or defendants, the Magistrate Judge's decision addressed Mr. Hendricks' motion for leave to amend his complaint. In so doing, the Magistrate Judge granted the motion for leave to amend in part and denied the motion for leave to amend in part on grounds of futility as to some

claims and on grounds of prejudice to Defendants as to others. In considering the motion for leave to amend, the Magistrate Judge did not issue any dispositive ruling as to the dismissal of any claims or defendants.

Turning first to the denial of the amendment with respect to Mr. Croft, there is no question that allegations of direct involvement in constitutional deprivations, rather than attempts to impose liability by virtue of the doctrine of respondeat superior, are necessary in order to hold an individual defendant liable under § 1983. *Monell v. Dept. Soc. Servs.*, 436 U.S. 658 (1978). Although there are other legal claims that can properly be asserted against a supervisor simply because someone under his or her supervision may have committed a legal wrong, liability for constitutional deprivations under 42 U.S.C. § 1983 cannot rest on such a claim. Consequently, unless the plaintiff's complaint affirmatively pleads the personal involvement of a defendant in the allegedly unconstitutional action about which the plaintiff is complaining, the complaint fails to state a claim against that defendant and dismissal is warranted. *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). This rule holds true even if the supervisor has actual knowledge of the constitutional violation as long as the supervisor did not actually participate in or encourage the wrongful behavior. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (prison officials cannot be held liable under §1983 for failing to respond to grievances which alert them of unconstitutional actions); *see also Stewart v. Taft*, 235 F. Supp. 2d 763, 767 (N.D. Ohio 2002) ("supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act").

The Magistrate Judge correctly applied this standard in concluding that Mr.

Hendricks had not alleged the personal involvement of Mr. Croft in any constitutional deprivation. In his objection, Mr. Hendricks simply reiterates his position that Mr. Croft had "actual knowledge" of unconstitutional conduct but did nothing to stop it. As stated above, these types of allegations simply are insufficient to state a claim against a supervisor. Consequently, Mr. Hendricks' motion for reconsideration will be denied with respect his claim against Mr. Croft.

Turning to Ms. Bell, Mr. Hendricks' proposed amended complaint contains the following allegations with respect to her, restated verbatim:

> 16. Defendant Theresa Bell is the Dietary Operations Manager for the Ohio Department of Rehabilitation and Correction. She is responsible for the development and implimentation of Department menues and dietary restrictions/accomodations.
>
> ...
>
> 35. Plaintiff again spoke with Patricia Hainesworth who informed him that she had tried to convince defendant Bell of the need for this diet but was unsuccessful.

The Magistrate Judge concluded that Mr. Hendricks had not alleged the personal involvement of Ms. Bell and that she could not be held liable under the doctrine of respondeat superior. In reaching this conclusion, however, the Magistrate Judge cited to paragraphs 80–81 of the proposed amended complaint pertaining to Ms. Parks rather than paragraph 35 relating to Ms. Bell. Mr. Hendricks noted this typographical error but proceeded to focus his argument on Ms. Bell.

In his objection, Mr. Hendricks contends that the allegation in paragraph 35 of the proposed amended complaint is sufficient to demonstrate Ms. Bell's knowledge of his dietary needs and her refusal to accommodate his needs when her job requires her

to honor dietary recommendations from specialists. This, according to Mr. Hendricks, demonstrates not only her knowledge, but her active personal involvement in failing to address his serious medical need of a dietary accommodation. Mr. Hendricks also notes that, in the event the Magistrate Judge intended to deny the motion for leave to amend as to Ms. Parks, he has demonstrated her personal involvement as well through his allegations in paragraph 36.

In response, Defendants have not addressed Mr. Hendricks' arguments relating to Ms. Bell. Instead, assuming that the Magistrate Judge intended to "dismiss" Ms. Parks and not Ms. Bell, their argument addresses only Ms. Parks. Defendants cite to paragraph 36 of the proposed amended complaint which states as follows:

> 36. Defendants DesMarais and [P]arks also denied this diet stating there was no need for dietary intervention—just eat slower.

According to Defendants, because Mr. Hendricks has not included specific allegations of how the denial occurred or whether Ms. Parks had any authority to control his diet, this allegation is insufficient to establish her personal involvement in the alleged deliberate indifference to his serious medical needs. Finally, Defendants argue that the allegations in paragraphs 80–81 regarding Ms. Parks' failure to respond to his grievance appeal similarly are insufficient to create any liability for a claim under 42 U.S.C. § 1983. The Court notes that these arguments are far more detailed than any set forth in Defendants' opposition to the motion for leave to amend. In that filing, Defendants failed to identify with any specificity the Defendants whose liability they contended could not rest on the theory of respondeat superior.

Although the issue with respect to Ms. Parks is not raised as one for

reconsideration, in an effort to clarify Ms. Parks' status as a defendant, the Court will address this issue first. Defendants essentially set forth a futility argument in support of their position that the Magistrate Judge must have intended to deny the motion for leave to amend with respect to any proposed claims against Ms. Parks. However, in considering a motion for leave to amend, at least where the claim is arguably sufficient, it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested by way of a motion to dismiss. "The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed." *Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md.,* 715 F.Supp. 578, 581 (S.D.N.Y. 1989). Consequently, rather than determining the actual legal sufficiency of the new claim, in many cases it will suffice to determine if there is a substantial argument to be made on that question and, if so, to allow the amended pleading to be filed with the understanding that a motion to dismiss for failure to state a claim may follow.

Here, Mr. Hendricks argues that he has alleged more than Ms. Parks' mere knowledge that his prescribed diet accommodation was denied. Rather, he asserts that in paragraph 36 of the proposed amended complaint he has alleged her active denial of such a diet. Under this circumstance, the Court finds that it is a better exercise of discretion to allow the proposed amendment with respect to Ms. Parks' alleged active denial of Mr. Hendricks' dietary restrictions. Consequently, the Magistrate Judge correctly granted the motion for leave to amend to allow Mr. Hendricks to assert an Eighth Amendment claim against Ms. Parks. Certainly, Defendants may pursue a motion to dismiss or other dispositive motion directed to this claim in the amended

complaint.

The Court will now turn to the issues involving Ms. Bell. The Magistrate Judge concluded that Mr. Hendricks' allegations in paragraph 35 were insufficient to assert Ms. Bell's active involvement in the denial of his dietary accommodations. In his objection, Mr. Hendricks argues that, because it is Ms. Bell's job to review diet orders from specialists and to work to provide dietary alternatives, his allegation that she refused to do so when informed of his needs asserts active involvement on her part. Defendants do not appear to dispute this, instead believing that the Magistrate Judge must have intended to grant the motion for leave to amend as it pertained to Mr. Hendricks' claim against Ms. Bell.

The Court finds that Mr. Hendricks has set forth a colorable argument with respect to his claim against Ms. Bell. Under this circumstance, and given Defendants' lack of opposition, the Court finds that it is a better exercise of discretion to permit the amendment with respect to this proposed claim. As a result, Mr. Hendricks' motion for reconsideration will be granted with respect to this claim. Consequently, the motion for leave to amend will be granted to allow an Eighth Amendment claim against Ms. Bell relating to the denial of Mr. Hendricks' recommended dietary accommodations. As with Mr. Hendricks' claim against Ms. Parks, Defendants may pursue a motion to dismiss or other dispositive motion directed to this claim in the amended complaint.

Turning to the final issues raised by Mr. Hendricks' motion, all of these issues lack merit. Mr. Hendricks has provided no authority, nor is the Court aware of any, to support his constitutional challenge to Ohio Revised Code §§ 2743.02 and 9.86. Further, to the extent that he believes his exhaustion of administrative grievances as

required under the PLRA somehow circumvents the applicability of these sections to his proposed state law claims, he is mistaken.

Finally, because the parties have raised the issue of the Eleventh Amendment and Mr. Hendricks has devoted the bulk of his reply to it, the Court will address it briefly. In responding to Defendants' assertion that the Magistrate Judge relied on the Eleventh Amendment to deny the motion for leave to amend with respect to the proposed state law claims, Mr. Hendricks argues that he is asserting claims against Defendants in their individual capacity. In paragraph 27 of the proposed amended complaint, Mr. Hendricks specifically states that all Defendants are sued in their individual capacities. As such, Mr. Hendricks contends that his claims are not barred by the Eleventh Amendment. However, as explained below, the parties have misconstrued the Magistrate Judge's decision.

Clearly the Eleventh Amendment would bar any claims for monetary damages relating to any claims under 42 U.S.C. § 1983 brought against Defendants in their official capacities. *Edelman v. Jordan*, 415. S. 651, 663 (1974). Additionally, such suits against state actors in their personal capacities are not barred by the Eleventh Amendment. *Hafer v. Melo*, 502 U.S. 21, 30–31 (1991). Here, however, the Magistrate Judge was addressing Mr. Hendricks' state law claims. In concluding that Defendants were immune from suit in their individual capacities, the Magistrate Judge relied on Ohio Revised Code § 2743.02(F) and § 9.86. That is, the Magistrate Judge applied Ohio law in concluding that the Court lacks jurisdiction to consider Mr. Hendricks' state law claims against Defendants. *Haynes v. Marshall*, 887 F.2d 700, 705 (6th Cir. 1989). ("Ohio law requires that, as a condition precedent to asserting a cause of action against

a state employee in his individual capacity, the Court of Claims must first determine that the employee is not entitled to the immunity provided for in Revised Code § 9.86. Prior to that condition being satisfied, then, there is no claim under Ohio law upon which relief may be granted against state employees in their individual capacities."). It is well accepted by the courts in this District that "Ohio Revised Code § 2743.02(F) grants the Ohio Court of Claims exclusive jurisdiction to determine whether a state employee should be stripped of the immunity granted by Ohio Revised Code § 9.86." *Gilbert v. Corr. Reception Center*, No. 2:07-CV-624, 2008 WL 4347231, at *6 (S.D. Ohio Sept. 19, 2008) (Holschuh, J.); *see also McCormick v. Miami Univ.*, No. 1:10–cv–345, 2011 WL 1740018, at *18 (S.D. Ohio May 5, 2011) (Dlott, C.J.). Mr. Hendricks has presented no evidence that the Ohio Court of Claims has determined Defendants are not entitled to immunity. Consequently, the Magistrate Judge was correct in denying the motion for leave to amend to the extent that Mr. Hendricks sought to pursue state law claims against any Defendants.

To summarize, the motion for reconsideration is granted as it relates to Mr. Hendricks' claim against Ms. Bell and it is denied in all other respects. As a result, the claims at issue in the amended complaint are a First Amendment claim for retaliation against defendant Miller and an Eighth Amendment claim against Ms. Bell, Ms. Parks, Ms. Nesbitt, and Dr. DesMarias relating to the alleged disregard of Plaintiff's nutritional therapy. In an effort to clarify the specific allegations at issue in the amended complaint going forward, the Court directs Mr. Hendricks to file a revised version of his amended complaint setting forth allegations addressed only to these surviving claims against these specific Defendants.

## V. Conclusion

For all of the above reasons, the motion for reconsideration, ECF No. 42, is **GRANTED** in part and **DENIED** in part as set forth above. The claims at issue in the amended complaint are a First Amendment claim for retaliation against defendant Miller and an Eighth Amendment claim against Ms. Bell, Ms. Parks, Ms. Nesbitt, and Dr. DesMarais relating to the alleged disregard of Plaintiff's nutritional therapy. Plaintiff shall file a revised version of his amended complaint addressed only to these surviving claims against these specific Defendants within thirty days.

**IT IS SO ORDERED.**

/s/ Michael H. Watson
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**