IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Benjamin Hendricks,             :

    Plaintiff,              :

  v.                            :     Case No. 2:11-cv-40

Ohio Department of              :     JUDGE MICHAEL H. WATSON
Rehabilitation and Correction,        Magistrate Judge Kemp
et al.,                         :

    Defendants.             :

ORDER

This case is before the Court to consider a motion to compel filed by plaintiff Benjamin Hendricks. The motion has been fully briefed. For the following reasons, the motion to compel will be granted in part and denied in part.

I.

The facts of this case have been set out in detail in previous orders of the Court relating to the amendment of Mr. Hendricks' complaint and will not be repeated here. Briefly, however, the allegations of Mr. Hendricks' amended complaint assert two causes of action. Mr. Hendricks' first claim is an Eighth Amendment claim arising from the alleged disregard of his dietary needs relating to his gastrointestinal issues. This claim is directed to defendants John DesMarais, Mona Parks, Theresa Bell, and Susan Nesbitt. The second claim is a First Amendment claim relating to the alleged destruction of his legal materials by Michelle Miller.

Mr. Hendricks' motion to compel involves discovery requests served on each remaining individual defendant except Mona Parks. According to the amended complaint, these defendants include Dr. John DesMarais, the medical director for the ODRC, Theresa Bell,

the dietary operations manager for the ODRC, Susan Nesbitt, the healthcare administrator at the Belmont Correctional Institution, and Michelle Miller, the warden at the Belmont Correctional Institution. According to the motion to compel, these individual sets of discovery requests were a combination of interrogatories, requests for production of documents, and requests for admission, although each specific request was not identified as a particular form of discovery request. Mr. Hendricks also directed a set of requests for admission to the defendants as a whole. Mr. Hendricks has attached copies of the defendants' responses to his motion to compel. From these responses it appears that, over objection, Dr. DesMarais responded to the 17 discovery requests directed to him specifically and provided the requested documents. Similarly, Ms. Bell, Ms. Miller and Ms. Nesbitt responded to each of the discovery requests directed specifically to them and either answered them over objection, indicated that they were without knowledge to do so, or stated that Mr. Hendricks was requesting information beyond their control. They also provided requested documentation. The defendants responded to Mr. Hendricks' blanket requests for admission by objecting to each request primarily on grounds that the requests were not directed to a particular party, Mr. Hendricks did not furnish sufficient information within his possession to enable the responding party to form a conclusion, and the requests were phrased in improper form.

In his motion to compel, Mr. Hendricks appears to take issue with every single discovery response. With respect to the discovery directed to the individual defendants, many of the issues Mr. Hendricks raises relate to the form of the answer provided. For example, Mr. Hendricks asserts that many of the requests called only for "yes/admit" or "no/deny" answers even though they were not identified as requests for admission. Mr.

Hendricks also attempts to address every objection raised by the defendants, even when they provided an answer over objection. With respect to the requests for admission addressed to all of the defendants, Mr. Hendricks asserts that the information he failed to furnish is easily available to the defendants and defendants failed to make any reasonable inquiry before stating that they had insufficient information with which to respond. Mr. Hendricks also requests sanctions under Fed.R.Civ.P. 37 and the appointment of counsel.

In response, defendants argue that the motion to compel is moot because they have appropriately responded to Mr. Hendricks' discovery requests. Further, they contend that, aside from replacing their narrative answers with yes or no responses, they are unclear as to what supplementation Mr. Hendricks seeks. Further, they assert that Mr. Hendricks has filed his motion to compel simply because he disagrees with their answers. They also state, however, that to the extent Mr. Hendricks needs additional time to review his medical records, they are willing to arrange it.

In reply, Mr. Hendricks disputes that the defendants are willing to allow him additional review of his medical records. He also contends that the fact that defendants provided legal mail logs for the time period from July 2009 to the end of that year as opposed to all of 2009 as he had requested is simply one example of their efforts to thwart discovery. The bulk of his reply, however, appears to be addressed to the requests for admission. He contends that the defendants' responses are deficient because they do not include a statement that defendants made a reasonable inquiry to obtain any of the requested information.

II.

The general principles involving the proper scope of

discovery are well known.  The Federal Rules of Civil Procedure authorize extremely broad discovery.  United States v. Leggett & Platt, Inc., 542 F.2d 655 (6th Cir. 1976), cert. denied 430 U.S. 945 (1977).  Therefore, Fed.R.Civ.P. 26 is to be liberally construed in favor of allowing discovery.  Dunn v. Midwestern Indemnity, 88 F.R.D. 191 (S.D.Ohio 1980).  Any matter that is relevant, in the sense that it reasonably may lead to the discovery of admissible evidence, and is not privileged, can be discovered.  The concept of relevance during discovery is necessarily broader than at trial, Mellon v. Cooper-Jarrett, Inc., 424 F.2d 499 (6th Cir. 1970), and "[a] court is not permitted to preclude the discovery of arguably relevant information solely because if the information were introduced at trial, it would be 'speculative' at best."  Coleman v. American Red Cross, 23 F.3d 1091, 1097 (6th Cir. 1994).

Information subject to disclosure during discovery need not relate directly to the merits of the claims or defenses of the parties.  Rather, it may also relate to any of the myriad of fact-oriented issues that arise in connection with the litigation.  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978).  On the other hand, the Court has the duty to deny discovery directed to matters not legitimately within the scope of Rule 26, and to use its broad discretionary power to protect a party or person from harassment or oppression that may result even from a facially appropriate discovery request.  See Herbert v. Lando, 441 U.S. 153 (1979). Additionally, the Court has discretion to limit or even preclude discovery which meets the general standard of relevance found in Rule 26(b)(1) if the discovery is unreasonably duplicative, or the burden of providing discovery outweighs the benefits, taking into account factors such as the importance of the requested discovery to the central issues in the case, the

amount in controversy, and the parties' resources.  See
Fed.R.Civ.P. 26(b)(2).  Finally, the Court notes that the scope
of permissible discovery which can be conducted without leave of
court has been narrowed somewhat by the December 1, 2000
amendments to the Federal Rules.  Rule 26(b) now permits
discovery to be had without leave of court if that discovery "is
relevant to the claim or defense of any party ...."  Upon a
showing of good cause, however, the Court may permit broader
discovery of matters "relevant to the subject matter involved in
the action."  Id.

### III.

The Court will address the discovery requests as directed to
the individual defendants first.  With respect to Dr. DesMarais,
while Mr. Hendricks argues that portions of Requests Nos. 1-6,
10, and 14-15 are intended as requests for admission thereby
requiring only a "yes/admit" or "no/deny" answer, they are all
phrased in the form of interrogatories.  Further, although Mr.
Hendricks addresses every objection raised by Dr. DesMarais with
respect to the remaining discovery requests, Mr. Hendricks fails
to assert how Dr. DesMarais' answers, provided over objection,
are insufficient.  Consequently, the motion to compel will be
denied to the extent that it seeks an order directing Dr.
DesMarais to supplement his responses to requests Numbers 1
through 16.

In discovery request No. 17, Mr. Hendricks requested a copy
of the ODRC policy on "Consultation Referrals: Initiation,
Process, & Follow-up Number: B-1."  In response, the defendants
provided a copy of the policy in effect as of July 7, 2011.  Mr.
Hendricks asks the Court to take judicial notice of the fact that
the documents provided may be "substantially different" from the
policy in effect at the time relevant to the allegations of the
complaint.  The Court agrees that a copy of the policy in effect

at the time Mr. Hendricks' claim arose would be more relevant than a copy of the policy currently in effect. While the Court declines to take judicial notice as requested, it will require the defendants to provide a copy of the policy in effect during the time period set forth in the complaint.

Turning to the eleven discovery requests directed to Ms. Bell, the dietary operations manager for the ODRC, Ms. Bell answered a number of these requests over objection. As with Dr. DesMarais, other than objecting to the form of her answers to these specific questions, which he did not identify as requests for admission, Mr. Hendricks has not identified any deficiencies in Ms. Bell's responses. Consequently, the Court will deny the motion to compel as it relates to discovery requests Nos. 1, 2, 3, 5, 6, and 9. Similarly, the Court will deny the motion to compel as it relates to discovery request No. 11 in light of defendants' representation in their response that they are willing to arrange additional time for Mr. Hendricks to review his medical records.

With respect to the remaining requests directed to Ms. Bell, the Court will consider them in turn. Request No. 4 and Ms. Bell's response are as follows:

> 4. Was a low residue diet ever order/recommended for plaintiff by a specialist that plaintiff was scheduled to see
>
> **Response: Objection-form; lack of foundation; vagueness; the interrogatory relates to the actions of third parties over whom Defendant Bell has not right to control; the interrogatory relates to medical records that are not in Defendant Bell's possession; said records speak for themselves; and Plaintiff did not attach a copy of said records to his request.**
>
> 1. If yes, why would this not have been followed
>
> **Response: Objection-form; calls for speculation; lack of foundation; assumes facts not in evidence; and**

> **vagueness. Without waiving any objection, Defendant Bell states that any recommendation from a medical specialist outside of the Ohio Department of Rehabilitation and Correction (ODRC) is subject to the discretion of the inmate's institutional physician and to relevant ODRC policies and protocols.**

In his motion to compel, Mr. Hendricks argues that this request calls for a yes or no answer, it is relevant to defendants' knowledge of his need for a low residue diet, and he has been unable to obtain the medical records but they are easily available to Ms. Bell. Defendants' agreement to provide Mr. Hendricks additional time to review his medical records may resolve the motion to compel as it relates to these discovery requests. Consequently, the motion to compel will be denied as to this request without prejudice to its renewal after Mr. Hendricks completes his additional review of his medical records.

Request No. 7 and the corresponding response state as follows:

> 7. Why would the orders/recommendations of a specialist, a Gastroenterologist in this case, not be followed to prevent further complications
>
> **Response: Objection-form; calls for speculation; lack of foundation; assumes facts not in evidence; and vagueness.**

In his motion to compel, Mr. Hendricks argues that this request is relevant because it relates to Ms. Bell's state of mind regarding the allegations in the complaint. Despite the defendants' assertion of various deficiencies, the focus of Mr. Hendricks' request, fairly read, is quite clear. He is asking, consistent with the allegations in his complaint, why the orders of his medical specialist were not followed. There could be any number of reasons for this alleged occurrence, but Ms. Bell's answer does not provide any reasons. Ms. Bell will be directed

to supplement her response to this request.

> 8. Do you know of any expert witnesses that intend to be called to testify at trial
>
> **Response: Objection- form; confidential or privileged; vagueness; and the interrogatory relates to the actions of third parties over whom Defendant Bell has no right to control. Without waiving objection, Defendant Bell states that she has no information or belief sufficient to answer the interrogatory.**

As noted, Ms. Bell chose to answer this discovery request over objection. Her response, however, is inadequate. The procedures governing service of and responses to interrogatories are set forth in Fed.R.Civ.P. 33. Fed.R.Civ.P. 33(b)(3) provides as follows:

> Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

"Parties must respond truthfully, fully and completely to discovery or explain truthfully, fully and completely why they cannot respond." Miller v. Pruneda, 2004 WL 3927832 (N.D. W.Va. July 20, 2004), at *5. "If a party is unable to supply the requested information, ... [the party] must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.'" Hansel v. Shell Oil Corp., 169 F.R.D. 303, 305 (E.D. Pa. 1996) quoting Milner v. National Sch. of Health Tech., 73 F.R.D. 628, 632 (E.D. Pa. 1977). Although there is not an extensive amount of commentary on Rule 33(b) in the Advisory Committee notes, the notes to the 1993 Amendments do indicate that one of the purposes of the rule is to "emphasize the duty of the responding party to provide full answers" to interrogatories. That duty is further highlighted by Fed.R.Civ.P. 37(a)(4), which provides that an evasive or incomplete answer is deemed to be no answer at all and can lead to the imposition of sanctions upon the party whose answer is

-8-

either evasive or incomplete. This same concept of full and complete responses to discovery requests is reinforced by Fed.R.Civ.P. 26(g)(1), which states that "[b]y signing, an attorney or party certifies that to the best of the person's knowledge, information and belief formed after a reasonable inquiry, the request, response, or objection is ... consistent with these rules ... and not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation." Fed.R.Civ.P. 26(g)(1)(B)(i)(ii).

For these reasons, Ms. Bell's response that she is without knowledge or belief, absent any explanation of her steps to make a reasonable inquiry, is insufficient. Consequently, Ms. Bell will be directed to supplement her response to request No. 8.

    10.   Please provide a copy of all commissary purchases to date

**Response: Objection-form; relevance; lack of foundation; vagueness; and the interrogatory relates to records that are not in Defendant Bell's possession.**

In his motion to compel, Mr. Hendricks argues that this request is relevant to a potential defense and the records are readily available to Ms. Bell. The Court agrees that evidence relating to Mr. Hendricks' commissary purchases may be relevant to a defense of his claims of chronic gastrointestinal distress. While Ms. Bell asserts that she is not in possession of these records, she does not indicate any efforts she has made to obtain these records or why she was unable to do so. Consequently, the motion to compel will be granted as to discovery request No. 10 directed to Ms. Bell.

Turning to Ms. Miller, with respect to several of the discovery requests, she also has answered them over objection and, aside from his argument relating to form, Mr. Hendricks has not indicated how her answers are insufficient. As a result, the

motion to compel will be denied as to discovery requests Nos. 2, 3, and 7.  With respect to request No. 10, Mr. Hendricks notes that while he requested records relating to his legal mail for January through December 2009, the records he received relate only to July 2009 through the end of that year.  To the extent that there are any records relating to the time period from January 2009 through June 2009, Ms. Miller will be directed to produce them.

With respect to request No. 1 directed to Ms. Miller, the request and Ms. Miller's response state as follows:

> 1. Other than the instant case, have there ever been any other allegations against involving you regarding any form of retaliation.
>
> **Response: Objection - form; relevance; vagueness; and the interrogatory relates to the actions of third parties over whom Defendant Miller has no right to control.**

In his motion to compel, Mr. Hendricks characterizes this discovery request as a request for admission and states that it merely requires a "yes/admit" or "no/deny" answer.  Rule 36 of the Federal Rules of Civil Procedure permits a party to serve on any other party "a written request to admit ... the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."  Fed.R.Civ.P. 36(a)(1). "Rule 36 is not a discovery device, and its proper use is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove." Misco, Inc. v. United States Steel Corp., 784 F.2d 198, 205 (6th Cir. 1986).  The Court finds that request no. 1 is not a proper Rule 36 request.  Simply stated, it does not comply with Federal Rule of Civil Procedure 36(a) and more closely resembles an attempt to utilize Rule 36 as a general discovery device.  Consequently, Mr.

-10-

Hendricks' motion to compel will be denied as to this request.

The remaining discovery requests directed to Ms. Miller relate to her alleged search and seizure of Mr. Hendricks' legal materials. With respect to requests Nos. 4, 5, 6, 8, and 9, Ms. Miller has, over objection, stated that "she is without knowledge or information sufficient to respond to the interrogatory." For example, this was her response to request No. 4 which asked the reason for the search and seizure as alleged in the complaint. Similarly, it was her response to request No. 5, which asked whether she was present at the time of the alleged incident. Additionally, she responded in this way to request No. 9 asking whether Mr. Hendricks had ever personally informed her or her subordinates of pending legal action. With respect to requests Nos. 6 and 8 relating to Mr. Hendricks' possession of a locker box or whether he had ever been issued a conduct report for possessing contraband - questions that seem capable of being answered by a review of records within the control of an institution's warden - she again asserted lack of knowledge or information. This response is simply inadequate.

Ms. Miller has failed to explain the efforts she undertook in making a reasonable inquiry to obtain the information Mr. Hendricks is requesting. As discussed above, the rules governing discovery require that she do so. Further, it seems likely that Ms. Miller knows whether she was present when Mr. Hendricks' legal materials allegedly were destroyed. Consequently, the motion to compel will be granted as to requests Nos. 4, 5, 6, 8, and 9 and Ms. Miller will be directed to supplement her responses.

Turning to Ms. Nesbitt, several of the discovery requests directed to her involve questions relating to information contained in Mr. Hendricks' medical records. Defendants' agreement to provide Mr. Hendricks additional time to review his

medical records may resolve the motion to compel as it relates to these discovery requests. Consequently, with respect to requests Nos. 2, 3, 4, 9, 13, 14, and 15, the motion to compel will be denied without prejudice to its renewal after Mr. Hendricks completes his additional review of his medical records. Further, over objection Ms. Nesbitt has answered many of Mr. Hendricks' discovery requests and he has not indicated with any specificity why her responses are insufficient. Consequently, the motion to compel will be denied as to request Nos. 1, 5, 6, 7, and 8. With respect to requests Nos. 10, 11, and 12, however, Ms. Nesbitt's answer, over objection, merely was that she is without knowledge or information sufficient to answer. These discovery requests are as follows:

> 10. According to your knowledge, are any of the defendants a gastroenterologist or have any special training/education concerning Crohn's disease?
>
> If yes
>
> 1. Which defendants?
> 2. What are their qualifications?
>
> 11. Have Dietetic Technicians employed by ODRC tried to customize a diet plan for plaintiff. If yes, what were the dietary plans?
>
> 12. Did any ODRC employee/agent/contractor deny and/or interfere with these plans? If yes, who?

As explained above, Ms. Nesbitt's response asserting lack of knowledge or information is inadequate. Consequently, the motion to compel will be granted as to request Nos. 10, 11, and 12 directed to Ms. Nesbitt and she will be directed to supplement these responses.

Finally, with respect to the requests for admission, the defendants raise three primary objections - the request is not directed to a particular party, the request is phrased in an

improper form, and Mr. Hendricks did not furnish information within his exclusive control to enable a responding party to answer. With respect to the defendants' first two grounds for objecting, there is no question that pro se documents, including discovery requests, are held to less stringent standards than documents drafted by lawyers and are to be liberally construed. See, e.g., Alli v. Savitz, Estate of, 2008 WL 3915147 (E.D. Mich. August 20, 2008) citing McNeil v. Salan, 961 F.2d 1578, 1992 WL 102734, *4 (6th Cir. 1992) (unpublished). A fair reading of Mr. Hendricks' requests for admission indicates that the defendants should be able to identify who among them is best capable of responding to these requests. The requests are concisely drafted and the information Mr. Hendricks is seeking in response, which relate to the allegations of his gastrointestinal issues as set forth in the complaint, is fairly clear. Further, to the extent that the defendants have objected to certain requests on grounds that the information relating to the request is within Mr. Hendricks' exclusive control, the Court is not convinced. The majority of these requests appear to relate to information contained in Mr. Hendricks' medical records which unquestionably are not within his exclusive control. Similarly, the requests relating to Mr. Hendricks' transfer from the Cuyahoga County Jail - requests Nos. 1 and 2 - are not based on information exclusively within his control. Construing these requests liberally as the Court is required to do given Mr. Hendricks' pro se status, the Court will require the defendants to answer the requests for admission consistent with the requirements of Fed.R.Civ.P. 36(a)(4).

This brings the Court to the two remaining issues raised by Mr. Hendricks' motion to compel - his request for sanctions and his request for appointment of counsel. As the Court has consistently stated, to date this case has not progressed to the

point where the Court can determine Mr. Hendricks' need for counsel. Further, as the Court has noted previously, Mr. Hendricks has been able to articulate and present his claims capably. Consequently, the request for appointment of counsel will be denied. Additionally, the Court does not find that defendants' discovery responses are of the nature justifying an imposition of sanctions under Rule 37. Consequently, the request for sanctions will be denied.

IV.

Based on the foregoing, the motion to compel (#78) is granted in part and denied in part as set forth above. The defendants shall supplement their responses as directed within fourteen days of the date of this order. The request for appointment of counsel and sanctions is denied. The motion for extension of time (#83) is denied as moot.

APPEAL PROCEDURE

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge